## HULL v. EIGHTY-SIXTH STREET AMUSEMENT CO.

(Supreme Court, Appellate Term, First Department.　December 4, 1913.)

CIVIL RIGHTS (§ 6*)—DISCRIMINATION BECAUSE OF COLOR—THEATERS.

　　The refusal of an amusement company to sell plaintiff, a colored person, a seat in the orchestra or first balcony of a theater, was not a violation of Civil Rights Law (Consol. Laws 1909, c. 6) §§ 40, 41, prohibiting dis-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

crimination, when at the time of plaintiff's request the "seats" in question had been sold and were then occupied by previous purchasers.

[Ed. Note.—For other cases, see Civil Rights, Cent. Dig. § 9; Dec. Dig. § 6.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Benjamin G. Hull against the Eighty-Sixth Street Amusement Company. Judgment for plaintiff, and defendant appeals. Reversed and dismissed.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Myron Sulzberger, of New York City, for appellant.

Studin & Sonnenberg, of New York City (Charles H. Studin and Leon Mintz, both of New York City, of counsel), for respondent.

SEABURY, J. This action is brought under sections 40 and 41 of the Civil Rights Law. The complaint alleges that the defendant denied plaintiff the full enjoyment of the privileges of defendant's theater because of his color, and refused to sell him a ticket which would permit him to witness from seats in the first balcony or orchestra of the theater the entertainment being given therein.

The uncontradicted evidence shows that plaintiff asked for "seats," and at the time he made this request the "seats" had been sold and were actually occupied by previous purchasers. This evidence does not show a violation of the Civil Rights Law referred to above, and is insufficient to establish a cause of action.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.